**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JILL C. WERDMULLER VON ELGG and
the ESTATE OF WALTER E.
WERDMULLER VON ELGG,**

        **Plaintiffs,**

**-vs-**                                         **Case No. 6:09-cv-132-Orl-31KRS**

**CARLYLE DEVELOPERS, INC.,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 6) filed by the Defendant, Carlyle Developers, Inc. ("Carlyle"), and the response (Doc. 9) filed by the Plaintiffs, Jill Werdmuller Von Elgg and the Estate of Walter E. Werdmuller Von Elgg.

**I.    Background**

According to the allegations of the Complaint (Doc. 1), the Plaintiffs purchased a condominium at Carlyle Residences at Celebration on January 21, 2006. (Doc. 1 at 2). The Plaintiffs contend that Carlyle acted as both developer and seller for Carlyle Residences. Pursuant to the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et seq*., developers and sellers are obligated to provide purchasers with certain information, such as a property report, and inform them of various rights the statute provides.

On January 20, 2009, the Plaintiffs filed the instant suit, contending that the Carlyle failed to live up to its obligations under the ILSA. In Counts I and II of the Complaint (Doc. 1), the

Plaintiffs seek rescission of the sales contract pursuant to the ILSA, In Count III, the Plaintiffs seek rescission of the sales contract pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et. seq.*, on the grounds that a violation of the ILSA is a *per se* violation of FDUTPA. Carlyle contends that the Complaint should be dismissed because the Plaintiffs waited too long to assert their right to rescind under the ILSA, and that rescission is not available under the FDUTPA.

**II.    Standard**

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court must view the complaint in the light most favorable to the Plaintiff,. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**III.    Analysis**

The Plaintiffs rely on three separate provisions of the ILSA for their right to rescind their sales contract in this case. The first, 15 U.S.C. § 1703(b), gives all purchasers an unconditional right to rescind within seven days of signing the sales contract and requires that the sales contract

"clearly provide this right." The second, 15 U.S.C. § 1703(c) provides that where a developer or seller is required to provide a property report to the purchaser before signing and fails to do so, "such contract or agreement may be revoked at the option of the purchaser . . . within two years from the date of such signing, and such contract or agreement shall clearly provide this right." Finally, 15 U.S.C. § 1703(d) provides a similar two-year right of rescission where the sales contract does not include certain required provisions, such as a 20-day right to cure defaults or breaches.

In their complaint, the Plaintiffs assert that Carlyle violated all three of these provisions. However, the sales agreement (which the Plaintiffs attached to the complaint) clearly provides for an unconditional seven-day right of rescission, and more: It notifies the buyers that they have "the right to cancel your contract or agreement of sale by notice to the Seller until midnight of the *fifteenth* day following the signing of the contract or agreement." (Doc. 1-3 at 20) (emphasis added). Confronted with this language, the Plaintiffs argue that this right is not unconditional, because they are required to provide notice to the seller. This argument does not merit serious discussion. The Plaintiffs have failed to state a claim for violation of 15 U.S.C. § 1703(b).

This leaves the alleged violations of Sections 1703(c) and (d), both of which provide purchasers with the right to rescind their contracts within two years of signing. Despite this, the Plaintiffs contend that the ILSA provides them with three years in which to seek rescission. However, the Plaintiffs' argument on this point only applies to the alleged violation of Section 1703(c), and thus the remainder of this opinion will focus only on this subsection.

The Plaintiffs base this argument on two other sections of the ILSA: 15 U.S.C. § 1711 and 15 U.S.C. § 1709(a). Section 1711 – with certain exceptions not relevant here – gives purchasers

three years after the signing date to sue for violations of the ILSA. Section §1709(a) provides that a purchaser may bring an action against a developer "at law or in equity" for sales made in violations of 15 U.S.C. § 1703(a)[1] and provides that the court in such a case may "order damages, specific performance, or such other relief as the court deems fair, just, and equitable." The Plaintiffs argue that these two sections combine to permit them three years in which to seek remedies for violations of the ILSA, including the equitable remedy of rescission. The Plaintiffs cite to no case law that supports this argument, which would effectively read 15 U.S.C. § 1703(c) out of the ILSA. *See Ditthardt v. North Ocean Condos, L.P.*, 580 F.Supp.2d 1288 (S.D.Fla. 2008) (holding that right to rescind found in Section 1703(c) and in Section 1703(d) must be asserted within two years, even though plaintiffs have three years in which to bring suit). *See also Taylor v. Holiday Isle, LLC*, 561 F.Supp.2d 1269 (S.D.Ala. 2008) (holding that developer's failure to provide notice of right of rescission pursuant to Section 1703(c) did not eliminate requirement that the right be exercised within two years).

The Plaintiffs therefore have no claim under the ILSA for rescission. Carlyle contends that the FDUTPA does not permit claims for rescission. (Doc. 5 at 6). The Plaintiffs dispute this; however, the statutory provisions they point to allow plaintiffs to seek declaratory relief or an injunction, rather than rescission, and they offer no other support for this contention. Although rescission is a form of equitable relief, the statute specifically includes only the remedies of an injunction or declaratory relief. All of the Plaintiffs' claims for rescission will therefore be dismissed.

---

[1] Section 1703(a) prohibits the sale of lots without, *inter alia*, the furnishing of the required property report to the purchaser prior to the signing of the sales contract.

The Plaintiffs contend that they have properly asserted claims for damages, and therefore their ILSA claims and FDUTPA claims should survive. However, the Plaintiffs have not sufficiently pled that they suffered any harm as a result of Carlyle's statutory violations. The "damages" asserted by the Plaintiff in the Complaint – "the deposits paid on the contract, interest on the deposit funds, court costs, attorney fees, and travel to and from the Carlyle development" – were not a result of the failure to provide the property report or Carlyle's other alleged violations. Moreover, most of the items which the Plaintiffs seek to recover here are defined in the ILSA as something other than "damages": Section 1709(a) permits purchasers to sue to recover damages, while Section 1709(c) provides that, "in addition to matters specified in [Section 1709(a)]," the plaintiff in an ILSA suit may recover "interest, court costs, and reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot." The Plaintiffs have therefore failed to state a claim for damages under the ILSA. Because the FDUTPA claim relies on the

ILSA claim, the FDUTPA claim is due to be dismissed as well.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 6) is **GRANTED**, and the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Plaintiffs may file an amended complaint on or before April 20, 2009; however, the Plaintiffs will not be permitted to seek rescission of the sales contracts under either the ILSA or FDUTPA.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 7, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party